# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# WESTERN DIVISION

MICHAEL MACKOOL                                                         PETITIONER

vs.                              4:08 CV00269 JTR

LARRY NORRIS, Director,
Arkansas Department of Correction                                         RESPONDENT

## MEMORANDUM AND ORDER

### I.  Background

Pending before the Court[1] is a 28 U.S.C. § 2254 Petition for a Writ of Habeas Corpus filed by Petitioner, Michael Mackool. (Docket entry #1.) Respondent has filed a Response (Docket entry #6), and Petitioner has filed a Reply. (Docket entry #9.) Thus, the issues are now joined and ready for disposition.

Before addressing Petitioner's habeas claims, the Court will review the relevant procedural history of the case. On November 1, 2004, a Pulaski County jury convicted Petitioner of first degree murder and theft of property. (Docket entry #1 at 1.) In a separate trial, Petitioner's wife, Leslie MacKool, was convicted of capital murder and theft of property. Both Petitioner and his wife were charged with murdering his wife's mother. He was sentenced to sixty (60) years in the Arkansas Department of Correction. *Id.*

Petitioner appealed his conviction to the Arkansas Supreme Court,[2] where he argued that the

---

[1] The parties have consented to proceedings before a United States Magistrate Judge. (Docket entry #7.)

[2] The Arkansas Supreme Court assumed jurisdiction over Petitioner's direct appeal as a "related case," since at the time it was filed Leslie Mackool's direct appeal of her capital murder and theft of property conviction was pending before the Court. *See, Mackool v. State*, 363 Ark. 295, 213 S.W.3d 628 (2005).

trial court erred: (1) in denying his motion for directed verdict; (2) in denying his motion to suppress out-of-court statements; (3) in denying his motion to redact prejudicial and irrelevant portions of his out of court statements; (4) in allowing his wife's testimony over his assertion of the marital privilege; (5) in allowing cumulative out-of-court statements of the victim; (6) in granting the state's motion in limine prohibiting him from questioning the state's expert forensic pathologist about the emotional nature of the murder; (7) in allowing jurors to question witnesses; (8) in allowing nineteen irrelevant and highly prejudicial financial documents to be admitted into evidence; (9) in allowing into evidence, during the sentencing phase of the trial, testimony regarding two of Petitioner's prior violent acts; and (10) in denying his motion for mistrial based on cumulative error. (Docket entry #6, Ex. 3.)

On March 9, 2006, the Arkansas Supreme Court rejected all of Petitioner's arguments and affirmed his conviction. *Mackool v. State,* 365 Ark. 416, 231 S.W.3d 676 (2006). On April 13, 2006, the Court denied Petitioner's request for rehearing, and, on the same date, the appellate mandate issued. (Docket entry #6, Ex. 7.) Petitioner did not seek certiorari from the United States Supreme Court.

On April 2, 2007, Petitioner filed a Rule 37 Petition for postconviction relief in Pulaski County Circuit Court, arguing that, during his trial, his counsel was constitutionally ineffective. (Docket entry #6, Ex. 1.) Petitioner argued that his attorney failed to: (1) introduce critical evidence that Petitioner had an affair with the victim; and (2) submit a time line. (Docket entry #6, Ex. 1.) On January 14, 2008, the trial court entered an Order denying the Rule 37 Petition on the ground it

was untimely.[3]  (Docket entry #6, Ex. 2).  Petitioner did *not* appeal this Order to the Arkansas Supreme Court.

On March 31, 2008, Petitioner filed this federal habeas action.  (Docket entry #1.)  In his Petition, he argues a single claim of ineffective assistance of counsel based on his attorney's failure to: (1) present evidence of an alleged affair between the Petitioner and the victim; (2) present a time line for the jury; and (3) allow Petitioner to testify.  (Docket entry #1.)   Respondent argues that Petitioner's claims are either time-barred by the statute of limitations or barred by the doctrine of procedural default. (Docket entry  #6.)

For the reasons explained below, the Court concludes that Petitioner's habeas claim is time-barred.  Accordingly, the Petition for Writ of Habeas Corpus will be denied, and the case will be dismissed, with prejudice.

## II. Discussion

The Antiterrorism and Effective Death Penalty Act ("AEDPA") provides that a habeas petition must be filed within one year of the date on which the state "judgment became final by the conclusion of direct review or on the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).  For purposes of the statute, a judgment is final either by "(1) the conclusion of all direct criminal appeals in the state system, followed by either the completion or denial of certiorari proceedings before the United States Supreme Court; or (2) if certiorari was not sought, then by the conclusion of all direct criminal appeals in the state system followed by the expiration of the time

---

[3] In its Order, the trial court misstated that Petitioner's Mandate issued on May 2, 2007. (Docket entry #6, Ex. 2.) The actual date the Mandate issued was April 13, 2006. Despite this error, Petitioner's Rule 37 Petition was still untimely, *i.e.,* it was filed 354 days after the appellate mandate issued, well outside the sixty day time period provided by Ark. R.Crim. P. 37.2(c).

allotted for filing a petition for the writ." *Smith v. Bowersox*, 159 F.3d 345, 348 (8th Cir.1998), *cert.denied*, 525 U.S. 1187 (1999). A petitioner has ninety days from the date of entry of judgment in a state court of last resort to petition for a writ of certiorari from the United States Supreme Court. Sup. Ct. R. 13.

Here, Petitioner's direct appeal of his criminal conviction became final on April 13, 2006, the date the Arkansas Supreme Court denied his request for rehearing. (Docket entry #6, Exhibit 7.) Petitioner did not file a Petition for a Writ of Certiorari with the United States Supreme Court. Thus, the one-year statute of limitations within which he was required to file his federal habeas claim began to run on July 12, 2006, ninety days after April 13, 2006. This meant Petitioner had until July 12, 2007 to initiate this action. Instead of doing so, he waited until March 31, 2008, 263 days after the statute of limitations had run, to file his Petition for a Writ of Habeas Corpus.

Petitioner argues that AEDPA's one-year statute of limitations should have been tolled until he received the state trial court's Order denying his Rule 37 Petition on January 14, 2008. (Docket entry #9.) However, AEDPA makes it clear that the one-year statute of limitations period is only tolled during the pendency of a "*properly filed*" application for state postconviction relief. *See*, *Carey v. Saffold,* 536 U.S. 214, 219-221(2002) (holding that the statutory tolling period begins when a "properly filed" petition for postconviction relief is filed in the trial court and runs, in one continuous block of time, until the highest state appellate court enters a decision on appeal) In this case, statutory tolling is *not* applicable because Petitioner's Rule 37 Petition was not "properly filed."[4]

---

[4] The law is clear that "a state postconviction petition rejected by the state court as untimely is not 'properly filed' within the meaning of 28 U.S.C. § 2244(d)(2)." *Allen v. Seibert,* 552 U.S. 2, 4 (2007) citing *Pace v. DiGuglielmo,* 544 U.S. 408, 417 (2005). Under Arkansas law, a Rule 37

Here, the Arkansas Supreme Court's Mandate affirming Petitioner's conviction was issued on April 13, 2006. Thus, Petitioner was required to file his Rule 37 Petition on or before June 12, 2006. Petitioner delayed until April 2, 2007, 354 days after the Mandate issued, to file for any postconviction relief.

Finally, because 28 U.S.C. § 2244(d) is a statute of limitations, rather than a jurisdictional bar, equitable tolling may be applicable. *Moore v. United States,* 173 F.3d 1131, 1134 (8th Cir. 1999). Equitable tolling is appropriate when (1) extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time, or (2) when conduct of the defendant has lulled the prisoner into inaction. *Shoemate v. Norris*, 390 F.3d 595, 597 (8th Cir. 2004) citing *Kreutzer v. Bowersox,* 231 F.3d 460, 463 (8th Cir. 2000), *cert. denied*, 534 U.S. 863 (2001). Equitable tolling affords "an exceedingly narrow window of relief," and is not justified by a petitioner's pro se status, lack of legal knowledge or legal resources, any confusion about or miscalculations of the federal limitations period, or the failure to recognize the legal ramifications of actions taken in state postconviction proceedings. *See, e.g.*, *Lawrence v. Florida,* 549 U.S. 327, 336-37 (2007)(no equitable tolling due to confusion about the law, court appointed counsel's miscalculation, or petitioner's alleged mental incapacity); *Pace*, 544 U.S. at 418-19 (no tolling due to "trap" created by postconviction laws, where petitioner did not diligently seek state and federal relief); *Shoemate,* 390 F.3d at 597-98 (Petitioner's misunderstanding of state postconviction procedures was not due to extraordinary circumstances nor affirmative conduct on the part of the state).

---

Petition must be filed within sixty days of issuance of the appellate court mandate affirming a conviction. *See* Ark. R.Crim. P. 37.2(c).

Petitioner did not argue equitable tolling in his habeas petition and the facts set forth in his Petition do not suggest that "some extraordinary circumstances stood in his way and prevented a timely filing." Thus, the Court concludes that equitable tolling is not applicable in this case.

Because the Court finds that the Petition is time-barred, the Court need not address Respondent's alternative argument that Petitioner's habeas claim is barred by the doctrine of procedural default.

### III. Conclusion

IT IS THEREFORE ORDERED that the Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254  (Docket entry #1) is DENIED, and the case is DISMISSED, WITH PREJUDICE.

Dated this 19th day of October, 2009.

_____
UNITED STATES MAGISTRATE JUDGE